IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGEL SALCIDO, personal representative of THE
WRONGFUL DEATH ESTATE OF CRISTAL
CERVANTES, WANDA MARTINEZ,

       Plaintiffs,

vs.                                                                                               Civ. No. 21-01222 KG/JMR

CITY OF LAS VEGAS, LAS VEGAS POLICE
DEPARTMENT, CHIEF ADRIAN CRESPIN,
SGT. ELIAS RAEL, SAN MIGUEL COUNTY, SAN MIGUEL
COUNTY SHERIFF'S OFFICE, UNDERSHERIFF MIKE
PADILLA, DEPUTY JAYME VIGIL, NEW MEXICO
DEPARTMENT OF PUBLIC SAFETY,
NEW MEXICO STATE POLICE, JOHN DOE 1,
LT. HUGO MUNOZ, SGT. MARK LUCERO,
PATROLMAN MIGUEL SENA,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before this Court on Defendant City of Las Vegas' Motion to Dismiss pursuant to the Court's July 20, 2023, Memorandum Opinion and Order (Motion). (Doc. 108). The Motion is fully and timely briefed. *See* (Docs. 108, 113, 114). Having considered the briefing and applicable law, the Court grants the Motion.

I.    *Background*[1]

This Motion comes after the Court's Memorandum Opinion and Order granting City Defendants Chief Adrian Crespin's and Sgt. Elias Rael's Motion for Summary Judgment,

---

[1] Because the Court has recited the tragic facts in this case in previous orders, it will not repeat them here. For a thorough recitation of the facts, see this Court's previous Memorandum Opinion and Order, (Doc. 80).

1

(Doc. 80). Defendant City of Las Vegas (City) now argues the Court must dismiss Plaintiffs' claim against it based on this Court's previous order determining that neither Chief Adrian Crespin nor Sgt. Elias Rael violated Cristal Cervantes' constitutional rights. (Doc. 108) at 2. At issue in this Motion, is Count I—the remaining claim against the City.

In Count I, Plaintiffs allege the City violated Cristal Cervantes' substantive due process rights under 42 U.S.C. § 1983. (Doc. 19) at 11. Plaintiffs contend the City's training and operating policies "were not adequate to prevent violations of law by its employees or to train their police officers to handle the usual and recurring situations with which they must deal." *Id.* at 21. Plaintiffs also contend the City's policies "served to violate Cristal Cervantes' substantive due process rights under the Fourteenth Amendment and/or were maintained with deliberate indifference to its foreseeable and obvious consequences, including the death of Cristal Cervantes at the hands of a private actor." *Id.* at 22–23. Plaintiffs further contend the City was "deliberately indifferent to the substantial risk that their policies were inadequate to prevent violations of law by their employees as well as the known or obvious consequences of its failure to train and/or maintain their police officers adequately." *Id.* at 23. According to Plaintiffs, the City's "failure to prevent violations of law by its employees and/or to train played a substantial part in bringing about or actually causing the injury or damage to Cristal Cervantes." *Id.* Finally, Plaintiffs allege the City's law enforcement officers violated the law, and the City could have prevented such violations "by providing adequate training and/or implementing policy that did not serve to violate Cristal Cervantes' substantive due process rights under the Fourteenth Amendment or which and/or were not maintained with deliberate indifference to their foreseeable and obvious consequences." *Id.* at 23–24.

*II.     Legal Standard*

According to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). "[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made." *Irby v. Jefferson Ins. Co.*, 2024 WL 3252803, at *4 n.4 (D.N.M.) (citations omitted). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019) (citations omitted).

Under Rule 12(b)(6), a court may properly dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss requires that "all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Santa Fe Alliance for Public Health and Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (citation omitted). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court accepts the truth of all properly alleged facts and draws all reasonable inferences in the plaintiff's favor, the plaintiff must still "nudge the claim across the line from conceivable or speculative to plausible." *Irby*, 2024 WL 3252803, at *5 (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)).

*III.    Discussion*

As an initial matter, the Court construes the City's Motion as a Rule 12(c) motion for judgment on the pleadings because the pleadings have closed. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) ("If the defendant makes [a 12(b)(6)] motion after filing the answer, the motion should generally be treated as a motion for judgment on the pleadings.").

In its Motion, the City argues Plaintiffs' remaining claim against the City—Count I— must be dismissed because the Court previously determined that none of the City's law enforcement officers committed a constitutional violation. (Doc. 108) at 2. In support, the City cites Tenth Circuit case law, which explains that "ordinarily there will be a municipal violation only where an individual officer commits a constitutional violation." *Id.* (citing *Crowson v. Wash. Cty. State of Utah*, 983 F.3d 1166, 1191 (10th Cir. 2020)).

In response, Plaintiffs argue they properly pled that City personnel ignored the City's policies and procedures, which set out a proper response to the situation City personnel encountered at Peggy Lane on November 8, 2020. (Doc. 113). This inaction, Plaintiffs argue, is "subject to different review than if it were simply the actions of the officers being scrutinized." *Id.* at 3. Without explaining what this "different review" consists of, Plaintiffs point, generally, to *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) and *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760 (10th Cir. 2013). *Id.* In reply, the City points out that Plaintiffs' fail to present any law or argument showing how they may proceed absent a finding that City officers committed a constitutional violation. (Doc. 114) at 1.

A municipality cannot be held liable under a 42 U.S.C. § 1983 claim based on a theory of respondeat superior. *Waller v. City and Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019)

4

(quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978)).[2]  Accordingly, in a § 1983 suit, a plaintiff must show that a municipality had a policy or custom that caused the alleged injury. *Id.* at 1284 (citation omitted).

Here, Plaintiffs fail to address the City's argument that municipal liability cannot attach absent a constitutional violation by a city employee. Instead, in their short, undeveloped response, Plaintiffs reargue issues the Court previously addressed. *Compare* (Doc. 113) (incorporating by reference Plaintiffs' previous briefing, (Doc. 54)) *with* (Doc. 80) (addressing Plaintiffs' arguments in (Doc. 54) and finding neither City Defendant Chief Adrian Crespin nor Sgt. Elias Rael committed a constitutional violation). Plaintiffs do not show how any City policies violated Ms. Cervantes substantive due process rights.[3] Instead, the violation Plaintiffs complain of—that the City's law enforcement officers ignored the City's policies and procedures—is based on a theory of respondeat superior. *Id.* But as explained above, municipal liability cannot be based on a theory of respondeat superior. Without the possibility of showing any City officers committed a constitutional violation, Plaintiffs fail to show how the City can be held liable.

---

[2] In the Tenth Circuit, there is "limited exception" to this rule. *Buchanan v. Turn Key Health Clinics, LLC*, 2023 WL 6997404 (10th Cir.). "Where the sum of multiple officers' actions taken pursuant to municipal policy results in a constitutional violation, the municipality may be directly liable. That is, the municipality may not escape liability by acting through twenty hands rather than two." (quoting *Crowson*, 983 F.3d at 1191). Plaintiffs, however, have not argued or otherwise intimated that such an exception applies, and the Court finds no indication this limited exception applies in this case. The Court therefore deems this argument waived.

[3] Moreover, in apparent contradiction with their complaint, Plaintiffs' response states at least some of the City's policies were adequate. *Compare* (Doc. 19) at 23 (City was "deliberately indifferent to the substantial risk that their policies were inadequate to prevent violations of law by their employees.") *with* (Doc. 113) at 3 ("[T]he City's policies and procedures set out a proper response to the situation [City law enforcement officers] encountered.").